**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| |
|---|
| KACEY LEWIS,<br>    *Petitioner*,<br><br>    v.<br><br>CONNECTICUT COMMISSIONER OF<br>CORRECTION,<br>    *Respondent.* |

Case No. 3:23-cv-492 (VAB)

**RULING AND ORDER**

Kacey Lewis ("Petitioner"), a Connecticut inmate currently residing at a Re-entry

Assisted Community Housing ("REACH") facility, has filed a petition for writ of habeas corpus

under 28 U.S.C. § 2254, challenging his conviction for assault, kidnapping, interfering with an

officer, and possession of narcotics.

In response to the Court's order to show cause, the Connecticut Commissioner of

Correction ("Respondent") contends that the petition should be denied as Mr. Lewis has

procedurally defaulted on all of his claims for relief.

For the following reasons, the habeas petition is **DENIED**.

## I.    FACTUAL BACKGROUND

The Connecticut Appellate Court determined that the jury reasonably could have found

the following facts.

> Early in the evening of July 20, 2009, [Mr. Lewis] and his girlfriend, Alana
> Thompson, drove around the streets of Waterbury trying to sell heroin. [Mr.
> Lewis] eventually parked the car he was driving, his sister's 2008 Nissan Altima,
> near East Liberty Street and South Main Street, at which time he and Thompson
> separated. When they parted company, Thompson told [Mr. Lewis] that she was
> going to try to sell some of his heroin on her own. The two agreed that they would
> meet back later where he had parked the car. When Thompson later returned to

the car, [Mr. Lewis] was not there. She then walked away and encountered a friend of hers named Anna, who was driving around looking for drugs. Thompson got into Anna's car and called [Mr. Lewis] who reproached her for not being at their meeting place. Thompson and [Mr. Lewis] again agreed to meet where [Mr. Lewis] had parked his sister's car, but Thompson stayed with Anna, who drove them to her home where they "got high."

Approximately one hour later, Thompson got a ride to her aunt's house on Willow Street. On the way, she listened to several voice mail messages from [Mr. Lewis], in which he expressed his anger with her. Upon arriving at her aunt's house, Thompson learned that [Mr. Lewis] had stopped by there earlier, looking for her.

After about five or ten minutes at her aunt's house, Thompson left with an acquaintance, Amanda Blouin, who walked with her down Willow Street to the parking lot of the corner store, where they encountered a drug dealer known to them as "Nono." Nono, in turn, walked with them to Hillside Avenue, where they stood on the sidewalk, conversing with one another, until [Mr. Lewis] rapidly drove his sister's car up onto the curb alongside them. [Mr. Lewis] quickly alighted from the car and approached Thompson, who was standing on the passenger side of the car, saying, "Bitch, come here." In response, Thompson moved away from him, going around the car in the other direction. At some point, [Mr. Lewis] caught up with Thompson and grabbed her by her shirt and hair, punched her in the face, and tried to pull her to the car. She broke free of [Mr. Lewis's] grasp and tried to flee to a nearby store, but [Mr. Lewis] followed her and grabbed her again by her shirt and hair. Thompson attempted to resist [Mr. Lewis's] efforts and dropped to the ground to try to prevent him from getting her to the car. [Mr. Lewis], however, persisted in his efforts to subdue her, dragging her approximately ten feet back toward the car. When they got back to the car, [Mr. Lewis] maintained his grip of Thompson's hair with one hand, "holding [her] down [so that she] couldn't get up." Then he attempted three times to open the passenger side door of the car with his other hand to force Thompson inside. Each time he did so, Thompson kicked the door shut to prevent [Mr. Lewis] from forcing her into the car. Two plain clothes police officers driving a white sport utility vehicle arrived at the scene, and [Mr. Lewis] let go of Thompson.

*State v. Lewis*, 84 A.3d 1238, 1239–40 (2014) (footnotes omitted).

## II.   PROCEDURAL BACKGROUND

A jury convicted Mr. Lewis of assault in the third degree, kidnapping in the first degree, interfering with an officer, and possession of narcotics. The Connecticut Appellate Court affirmed his conviction on direct appeal. *Id.* at 1239. On direct appeal, Mr. Lewis challenged his

conviction on only one ground, that the facts adduced at trial were insufficient to support the conviction for kidnapping because any restraint imposed on the victim was merely incidental to the assault. *Id.* The Connecticut Supreme Court denied certification to appeal on April 9, 2014, *State v. Lewis*, 89 A.3d 349 (2014), and the United States Supreme Court denied Mr. Lewis's petition for certiorari on October 6, 2014. *Lewis v. Connecticut*, 574 U.S. 584 (2014).

In 2011, while the direct appeal was pending, Mr. Lewis filed a petition for new trial. Respondent's Mem. App. D. The Connecticut Superior Court granted the respondent's motion to strike the petition, Respondent's Mem. App. E, the Connecticut Appellate Court dismissed the appeal, Respondent's Mem. App. F, and the Connecticut Supreme Court denied certification. *Lewis v. State*, 125 A.3d 532 (2015).

On December 24, 2014, Mr. Lewis filed a petition for writ of habeas corpus in state court challenging his conviction on seven grounds, each ground encompassing several claims: (1) he was denied a fair and meaningful opportunity to prepare and defend; (2) he was deprived of his right to present a defense; (3) his right to self-representation was violated by various court actions; (4) the prosecutor suppressed or failed to timely disclose material exculpatory evidence; (5) the trial court failed to adequately canvass him regarding self-representation; (6) the trial court deprived him of sufficient trial preparation time; and (7) appellate counsel was ineffective. Respondent's Mem. App. G. The trial court found the claims in the first six categories to be procedurally defaulted and denied the claims in the seventh category on the merits. *Lewis v. Comm'r of Corr.*, No. CV154006877, 2019 WL 2601824 (Conn. Super. Ct. May 17, 2019).

Although the trial court denied certification to appeal, Mr. Lewis appealed to the Connecticut Appellate Court on five grounds: (1) the habeas court abused its discretion by

denying his motion to sequester appellate counsel; (2) the habeas court erred in striking his motion to reconstruct and correct the record; (3) the habeas court abused its discretion by denying an application to issue subpoenas; (4) the habeas court abused its discretion by dismissing in part and denying in part his amended petition; and (5) the habeas court abused its discretion in denying certification to appeal. Respondent's Mem. App. M, ECF No. 10-13 at 5.

The Connecticut Appellate Court refused to address the first three grounds because Mr. Lewis had not included them in his petition for certification to appeal. The court also found that the habeas court did not abuse its discretion in determining that the first six claims asserted in the state habeas petition were procedurally defaulted and rejected the claim that appellate counsel was ineffective. *Lewis v. Commissioner of Corr.*, 271 A.3d 1058, 1062 (Conn. App. Ct. 2022). The Connecticut Supreme Court denied certification on May 31, 2022, and the United States Supreme Court denied Mr. Lewis' petition for certiorari on October 11, 2022. *Lewis v. Commissioner of Corr.*, 275 A.3d 1213 (Conn. 2022), *cert. denied sub nom. Lewis v. Quiros*, 143 S. Ct. 335 (2022).

On April 18, 2023, Mr. Lewis filed this habeas corpus petition challenging his conviction on five grounds: (1) the prosecutor suppressed material exculpatory evidence, namely photographs of Thompson; (2) the prosecutor made a late disclosure of material impeachment evidence, namely, criminal records of state witnesses; (3) deprivation of investigative services; (4) violation of his Sixth Amendment right of confrontation; and (5) ineffective assistance of appellate counsel.

## III.    STANDARD OF REVIEW

The federal court will entertain a petition for writ of habeas corpus challenging a state

4

court conviction only if the petitioner claims that his custody violates the Constitution or federal laws. 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Jones v. Murphy*, 694 F.3d 225, 234 (2d Cir. 2012) (quoting *Hardy v. Cross*, 565 U.S. 65, 66 (2011) (per curiam)) (internal quotation marks omitted).

As long as "there is nothing in its decision to indicate that the claims were decided on anything but substantive grounds," a claim will be considered "adjudicated on the merits" even if the state court fails to mention the federal claim and cites no relevant federal case law. *Aparicio v. Artuz*, 269 F.3d 78, 94 (2d Cir. 2001); *accord Harrington v Richter*, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."); *id.* at 98 (section 2254(d) deference applies even "[w]here a state court's decision is unaccompanied by an explanation"). Thus, a court must "extend considerable deference even to deficient reasoning, at least in the absence of an analysis so flawed as to undermine confidence that the constitutional claim has been fairly adjudicated." *McCray v. Capra*, 45 F.4th 634, 640 (2d Cir. 2022) (citation and punctuation omitted).

The federal court cannot grant a petition for a writ of habeas corpus filed by a person in state custody with regard to any claim that was rejected on the merits by the state court, unless the adjudication of the claim in state court either:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The federal law defined by the Supreme Court "may be either a generalized standard enunciated in the Court's case law or a bright-line rule designed to effectuate such a standard in a particular context." *Kennaugh v. Miller*, 289 F.3d 36, 42 (2d Cir.), *cert. denied*, 537 U.S. 909 (2002). Clearly established federal law is found in holdings, not dicta, of the Supreme Court at the time of the state court decision. *White v. Woodall*, 572 U.S. 415, 419 (2014). Second Circuit law without a counterpart in Supreme Court jurisprudence cannot provide a basis for federal habeas relief. *See Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (circuit precedent, even if "merely reflect[ing]" Supreme Court precedent, does not constitute "clearly established federal law" for purposes of § 2254(d)(1)); *Renico v. Lett*, 559 U.S. 766, 778 (2010) (holding that court of appeals erred in relying on its own decision in federal habeas action); *see also Kane v. Garcia Espitia*, 546 U.S. 9, 10 (2005) (absent a Supreme Court case establishing a particular right, federal court inference of right does not warrant federal habeas relief).

A decision is "contrary to" clearly established federal law where the state court applies a rule different from that set forth by the Supreme Court or if it decides a case differently than the Supreme Court on essentially the same facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court unreasonably applies Supreme Court law when the court has correctly identified the governing law, but unreasonably applies that law to the facts of the case. The state court decision must be more than incorrect; it must be "'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fair-minded

6

disagreement.'" *Virginia v. LeBlanc*, 582 U.S. 91, 94 (2017) (quoting *Harrington*, 562 U.S. at 103); *see also Burt v. Titlow*, 571 U.S. 12, 20 (2013) (federal habeas relief warranted only where the state criminal justice system has experienced an "extreme malfunction"); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (objective unreasonableness is "a substantially higher threshold" than incorrectness). Even clear error will not establish an unreasonable application of Supreme Court law. *LeBlanc*, 582 U.S. at 94 (quoting *Woods v. Donald*, 575 U.S. 312, 316 (2015) (per curiam)).

The "determination of whether a court has unreasonably applied a legal standard depends in large measure on the specificity of the standard in question." *Brisco v. Ercole*, 565 F.3d 80, 89 (2d Cir. 2009). "The more general the rule the more leeway courts have in reaching outcomes in case-by-case determinations" as the application of a general standard to a specific case "can demand a substantial element of judgment." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). Thus, "where the precise contours of a right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *Woods*, 575 U.S. at 318 (internal punctuation marks omitted). "It is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." *Harrington*, 562 U.S. at 101 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)). "[I]t is the habeas applicant's burden to show that the state court applied [Federal law] to the facts of his case in an objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002) (per curiam); *see also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("The petitioner carries the burden of proof.").

When reviewing a habeas petition, the court presumes that the factual determinations of the state court are correct. The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Metrish v. Lancaster*, 569 U.S. 351, 357–58 (2013) (the standard for evaluating state court rulings, where constitutional claims have been considered on the merits and which affords state court rulings the benefit of the doubt, is highly deferential and difficult for petitioner to meet and was intended to be so).

The presumption of correctness, which applies to "historical facts, that is, recitals of external events and the credibility of the witnesses narrating them[,]" will be overturned only if the material facts were not adequately developed by the state court or if the factual determination is not adequately supported by the record. *Smith v. Mann*, 173 F.3d 73, 76 (2d Cir. 1999) (internal quotation marks and citation omitted). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Donald*, 575 U.S. at 316; *see also Brumfield v. Cain*, 576 U.S. 305, 314 (2015) ("If [r]easonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's . . . determination.") (internal quotation marks and citation omitted).

In addition, the federal court's review under Section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Pinholster*, 563 U.S. at 180; *see also Holland v. Jackson*, 542 U.S. 649, 652 (2004) ("Whether a state court's decision was unreasonable must be assessed in light of the record the court had before it."). Because collateral review of a conviction applies a different standard than the direct appeal, an error that

may have supported reversal on direct appeal will not necessarily be sufficient to grant a habeas petition. *Brecht v. Abrahamson*, 507 U.S. 619, 634 (1993).

## IV.   DISCUSSION

The Respondent contends that the first four grounds for relief were procedurally defaulted in state court and that the state courts neither contravened nor unreasonably applied federal law in rejecting Mr. Lewis' fifth claim of ineffective assistance of appellate counsel.

### A.  Procedurally Defaulted Claims: Grounds One through Four

Procedural default precludes consideration of a federal claim on direct and collateral review if the state court decision rests upon "adequate and independent state grounds." *Harris v. Reed*, 489 U.S. 255, 262 (1989). This rule applies to both substantive and procedural state laws. *Coleman v. Thompson*, 501 U.S. 772, 729 (1991).

The state habeas court determined that the claims asserted in Mr. Lewis' first four grounds for relief in this petition were procedurally defaulted. On each ground, the habeas court found that the claims were of constitutional dimension and should have been raised on direct appeal. The Connecticut Supreme Court has adopted the procedural default standard set forth in *Wainwright v. Sykes*, 433 U.S. 72 (1977), which precludes consideration on habeas review of constitutional claims not raised on direct review. *See Crawford v. Commissioner of Corr.*, 982 A.2d 620, 627 (Conn. 2009). Thus, the state habeas court denied these claims on independent and adequate state grounds. Further, the court found that Mr. Lewis offered only his own "self-serving and conclusory testimony that appellate counsel was 'ineffective'" and "offered no evidence to explain why these issues were not raised on appeal, or to establish that he was prejudiced in any way." *See, e.g., Lewis*, 2019 WL 2601824, at *2; *id.* at *3 ("Once again,

however, the petitioner has failed to present any evidence to justify the 'cause' for not raising these issues on appeal or to overcome the presumption that not pursuing this line on appeal was the result of a reasoned decision by appellate counsel. . . . In other words, he has failed to present any evidence supporting cause or prejudice.").

On appeal, the Connecticut Appellate Court determined that, in addition to procedurally defaulting his claims in the trial court, Mr. Lewis procedurally defaulted his claims on appeal by failing to include them in his petition for certification to appeal from the decision of the habeas court. *Lewis*, 271 A.3d at 1069–70.  The Appellate Court routinely declines to review issues that are not included in the petition for certification to appeal, a second independent and adequate state law ground. *See Banks v. Commissioner of Corr.*, 256 A.3d 726, 730 (Conn. App. Ct. 2021), *reversed and remanded on other grounds*, 297 A.3d 541 (Conn. 2023). In addition, the Appellate Court determined that the trial court properly denied the claims as procedurally defaulted as Mr. Lewis failed to present any specific evidence to support his position; his "self-serving conclusory testimony" was insufficient. *Id.* at 96–97, 271 A.3d at 1071.

Even where a claim may be procedurally barred in state court under state rules, however, a federal court may still review the claim on the merits if the petitioner can demonstrate either (1) "cause for the default and resulting prejudice" or (2) "that failure to consider the claim will result in a miscarriage of justice." *Coleman*, 501 U.S. at 749–50. Under the first exception, "[c]ause may be demonstrated with 'a showing that the factual or legal basis for a claim was not reasonably available to counsel,'. . . or that 'some interference by state officials' made compliance impracticable, . . . [or that] the procedural default is the result of ineffective assistance of counsel.'" *Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994) (quoting *Murray v.*

*Carrier*, 477 U.S. 478, 488 (1986) (citation omitted)).

When relying on ineffective assistance of counsel to establish cause, the claim for ineffective assistance "generally must be 'presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (quoting *Murray*, 477 U.S. at 489).  In addition, the ineffective assistance must be more than mere negligence. *See id.* at 451 ("ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim"); *Gayle v. United States*, No. 21-2872, 2023 WL 1126926, at *2 (2d Cir. Jan. 31, 2023) (summary order) (to excuse procedural default based on ineffective assistance of counsel, petitioner must satisfy requirements of *Strickland v. Washington*, 466 U.S. 668 (1984)), *cert denied*,  2023 WL 6378228 (Oct. 2, 2023); *see also Maples v. Thomas*, 565 U.S. 266, 281 (2012) (attorney negligence does not constitute cause). The second exception, miscarriage of justice, requires the petitioner to show, by clear and convincing evidence that he is actually, not just legally, innocent. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). Such a claim must be supported by "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Mr. Lewis relies on ineffective assistance of counsel to establish cause for his procedural default.  As discussed below, however, Mr. Lewis fails to establish that appellate counsel was ineffective. Thus, he also has not established cause to excuse his procedural default. Nor has Mr. Lewis presented any evidence showing that the failure to review these claims will result in a fundamental miscarriage of justice, *i.e.*, that he is actually innocent of the crimes. *See Murray*,

477 U.S. at 496.

Accordingly, the petition for writ of habeas corpus will be denied on the first four grounds for relief.

### B.  Ineffective Assistance of Appellate Counsel

Mr. Lewis' final ground for relief is a claim that appellate counsel was ineffective.  When a clam is denied on the merits by a state court, the standard for a claim of ineffective assistance of counsel is well-established:

> To succeed on a claim of ineffective assistance of counsel in violation of the Sixth Amendment ... a defendant must demonstrate (1) that his attorney's performance "fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*Wilson v. Mazzuca*, 570 F.3d 490, 502 (2d Cir. 2009) (internal citations omitted) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)). "The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Fischer v. Smith*, 780 F.3d 556, 561 (2d Cir. 2015) (internal quotation marks omitted).

To meet the first, or performance, prong of the test, the record must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Errors that would satisfy this prong include "omissions [that] cannot be explained convincingly as resulting from a sound trial strategy, but instead arose from oversight, carelessness, ineptitude, or laziness." *Eze v. Senkowski*, 321 F.3d 110, 112 (2d Cir. 2003).

The second, or prejudice, prong requires the Petitioner to establish a "reasonable probability" of a different outcome, *i.e.*, a "probability sufficient to undermine confidence in the

outcome" of the trial. *Strickland*, 466 U.S. at 694. The prejudice prong can be satisfied "even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *Id.*

The state courts applied the *Strickland* standard in considering this claim. Thus, the decisions are not contrary to federal law. The Court considers below whether the state courts reasonably applied federal law to the facts.

The state habeas court noted that Mr. Lewis was the only witness to testify on this claim and, although appellate counsel was present in the courtroom, Mr. Lewis did not call him as a witness. *Lewis*, 2019 WL 2601824 at *4. The court denied the claim stating,

> [t]he only evidence offered on appellate counsel's alleged deficiencies were the petitioner's self-serving conclusions that the issues should have been raised on appeal. There was no evidence offered on the strategic basis for counsel's decisions or on the probability that any of the issues alleged by the petitioner would have changed the outcome of the appeal.

*Id.* at *5.

The Connecticut Appellate Court rejected this claim on procedural grounds. The court determined that Mr. Lewis failed to adequately brief the claim and noted that Mr. Lewis conceded this fact in his reply brief. *Lewis*, 271 A.3d at 1073. However, the appellate court went further and determined that Mr. Lewis had not shown that the habeas court's finding that he provided no evidence beyond his self-serving testimony was clearly erroneous. *Id.* at 101, 271 A.3d at 1074 ("The petitioner failed to call [appellate counsel] as a witness, and he presented no expert testimony to demonstrate that [appellate counsel's] representation fell below 'an objective standard of reasonableness considering all of the circumstances.'" (citation omitted)).

Based on the lack of evidence presented in the state court regarding appellate counsel's

actions, it was not an unreasonable application of *Strickland* for the habeas court to determine that Mr. Lewis failed to establish that appellate counsel's actions were not based on sound strategy. In addition, absent any evidence showing that any of the omitted claims would have been successful, Mr. Lewis also fails to establish the prejudice prong of the *Strickland* test. Accordingly, the petition is denied on the fifth ground for relief.

## V.    CONCLUSION

The petition for writ of habeas corpus, ECF No. 1, is **DENIED**.

The Clerk of Court is respectfully directed to enter judgment in favor of the Commissioner and to close this case.

Any appeal from this order would not be taken in good faith. Accordingly, a certificate of appealability will not issue.

**SO ORDERED** at New Haven, Connecticut, this 15th day of March, 2024.


\_\_\_\_*/s/ Victor A. Bolden*\_\_\_\_

Victor A. Bolden
United States District Judge

14